# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Derrick DeCoste,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>Medical Staff at CCDC, et al.,<br><br>　　　　Defendant(s). | Case No. 2:24-cv-01639-APG-NJK<br><br>**Order**<br><br>[Docket No. 12] |

Summonses were returned unexecuted as to (1) Deputy Jensen, (2) FTO Brooks, Sheriff, (3) Angel K., Nurse, and (4) K. Pooley, Nurse. *See* Docket No. 10. It appears that an agent authorized to accept service on behalf of Clark County Detention Center employees rejected service by the United States Marshals Service for these individuals on the grounds that a full name and badge number was required. *See id*. It is unclear what inquiry (if any) was undertaken by the agent authorized to accept service to determine the true identity of the named defendants so that service could be effectuated. *But see, e.g.*, *Smith v. Saribay*, 2021 WL 1824292, at *2 (D. Nev. Apr. 29, 2021).[1]

Pending before the Court now is Plaintiff's motion to order the Las Vegas Metropolitan Police Department[2] to provide the full names and badge numbers for these defendants so that service may be effectuated, Docket No. 12, which the Court construes as a motion to authorize issuance of a subpoena for this information, *see Stewart v. Hawkins*, 2025 U.S. Dist. Lexis 100811,

---

[1] It is also unclear whether each of the particular defendants would be employees of the County or of Well Path.

[2] The motion references the Sheriff's Department and Clark County Detention Center, but the Court takes notice of representations made elsewhere that service on Clark County Detention Center employees may be processed by the Las Vegas Metropolitan Police Department. *E.g.*, *Smith v. Saribay*, Case No. 2:20-cv-00060-GMN-NJK, Docket No. 26 (D. Nev. Apr. 16, 2021).

1

at *1-2 (D. Nev. May 28, 2025).[3] While such a subpoena is potentially available to Plaintiff, parties have a duty to avoid unnecessary service expenses, Fed. R. Civ. P. 4(d)(1), and courts generally refrain from utilizing the subpoena process for similar types of information when less intrusive means exist, *see, e.g.*, *Picozzi v. Clark Cnty. Det. Ctr.*, 2016 U.S. Dist. Lexis 152607, at *6 (D. Nev. Nov. 2, 2016) (ordering counsel for CCDC to investigate and file full names, badge numbers, last known addresses, and telephone numbers under seal).

The Court **ORDERS** counsel for Las Vegas Metropolitan Police Department/Clark County Detention Center to respond, by January 9, 2026, to the pending motion for issuance of a subpoena. In lieu of responding to the motion on its substance, counsel may instead accept service on behalf of some or all of the subject defendants or may file their last known contact information under seal. The Clerk's Office is **INSTRUCTED** to send a copy of this order to:

>   Las Vegas Metropolitan Police Department
>   400 S. Martin Luther King Blvd., Bldg. B
>   Las Vegas, NV 89106

IT IS SO ORDERED.

Dated: December 23, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

2