**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Derrick DeCoste,

     Plaintiff(s),

v.

Medical Staff at CCDC, et al.,

     Defendant(s).

Case No. 2:24-cv-01639-APG-NJK

**ORDER**

[Docket No. 37]

Pending before the Court is Plaintiff's motion for appointment of an expert. Docket No. 37. Defendant Brooks filed a response in opposition. Docket No. 39. The Court hereby **SETS** a telephonic hearing on this motion for 11:00 a.m. on June 17, 2026. As Plaintiff is an inmate, defense counsel must coordinate with the undersigned's courtroom administrator as to both her telephonic appearance and Plaintiff's telephonic appearance.

In addition, there appear to be significant discrepancies in the defense position as to the relevancy of medical records and the need for expert testimony. On May 6, 2026, Brooks filed a stipulation to extend case management deadlines explaining that there are voluminous medical records pertinent to this case and that he would be retaining an expert. *See, e.g.*, Docket No. 33 at 2, 3. For example, that stipulation stated that:

> [m]ore time is needed for the parties to complete discovery, including retaining expert witnesses and disclosing expert reports. The documents already disclosed in this matter are voluminous and span a three (3) year period of Plaintiff's detention at CCDC, including the medical care he received. In addition, it will be necessary to obtain medical records of Plaintiff from the hospital in Michigan, Henderson Hospital, UMC and the neurosurgeon that Plaintiff treated with after he was in custody of CCDC. Experts will need these materials in preparation of their expert reports.

1

*Id.* at 3.  Such discovery was significant enough for Brooks to ask to double the discovery period in this prisoner civil rights case, adding another 90 days.  *See id.* at 1.  That stipulation was granted based on the representations advanced.  Docket No. 34.

In stark contrast, Brooks opposes the instant motion by arguing that the sole claim against him "will boil down to whether Plaintiff was still under medical orders to have the mattress and the circumstances under which Brooks removed it," such that medical records as to Plaintiff's injuries have "virtually nothing" to do with that claim and "[n]o expert can or will change the fact that Brooks removed the mattress pursuant to the expired order."  Docket No. 39 at 2-3; *see also id.* at 2 ("Plaintiff's preexisting injuries from his Michigan car accident and his treatment for the injuries are only remotely related to his single claim against Brooks").  In his current opposition papers, Brooks does not attempt to reconcile his prior representations as to the importance of the subject medical records and the need for expert testimony with his current representations as to the tangential nature of those medical records and the lack of need for expert testimony.  Brooks must file a supplement addressing this issue by <u>June 11, 2026</u>.  The supplement must be no longer than five pages in length.

IT IS SO ORDERED.

Dated: June 4, 2026

_____
Nancy J. Koppe
United States Magistrate Judge