**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Derrick DeCoste, | Case No. 2:24-cv-01639-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket Nos. 37, 41] |
| Medical Staff at CCDC, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for appointment of an expert. Docket No. 37.[1] Defendant Brooks filed a response in opposition. Docket No. 39. Defendant Brooks also filed a supplement as ordered. Docket No. 42. No reply was filed. The motion is properly resolved without a hearing, *see* Local Rule 78-1, so the Court **VACATES** the hearing that had been set for June 17, 2026. For the reasons discussed below, the Court **DENIES** the motion for appointment of an expert.[2]

It is well-settled law that the statute governing *in forma pauperis* litigation (28 U.S.C. § 1915) does not provide for appointment of expert witnesses to aid prisoners or other indigent litigants. *Muric-Dorado v. Las Vegas Metro. Police Dept.*, 2020 WL 4966503, at \*1 (D. Nev. Aug. 21, 2020). Rule 706 of the Federal Rules of Evidence provides judicial discretion to appoint a neutral expert when doing so would, *inter alia*, promote accurate fact finding in evaluating complex or confusing evidence. *Carley v. Gentry*, 454 F. Supp. 3d 1006, 1008 (D. Nev. 2020). Such appointments should be rare because the adversarial system generally suffices to promote accurate fact finding. *Id.*

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] Plaintiff filed a motion to add issues for discussion at the hearing. Docket No. 41. As the hearing is being vacated, this motion is moot. Plaintiff is advised that he must file a request for any relief he seeks from the Court.

1

At this juncture, the sole claim at issue is that Defendant Brooks violated Plaintiff's constitutional rights by allowing removal of a therapeutic mattress from his cell. *See* Docket No. 8 at 6. Defendant Brooks is a field training officer. Plaintiff has not shown that Defendant Brooks is a medical provider tasked with determining whether a therapeutic mattress was needed based on Plaintiff's medical condition and records (as opposed to merely implementing the medical orders provided to him).[3] Given the narrow scope of the case as it currently stands, Plaintiff fails to show that expert testimony regarding his medical condition will be useful in resolving his claim against Defendant Brooks.[4]

Accordingly, the Court **DENIES** the motion for appointment of an expert. Docket No. 37. In addition, the Court **DENIES** as moot the motion to add issues for discussion at the hearing. Docket No. 41.

IT IS SO ORDERED.

Dated: June 11, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Plaintiff also sues other individuals who were allegedly involved in his medical treatment (or lack thereof). Those individuals have not appeared in the case.

[4] One might guess that Plaintiff filed the instant motion because of statements made a few weeks earlier that Defendant Brooks required an extra three months of discovery to obtain and review voluminous medical records, and to retain an expert related thereto. *See* Docket No. 33. Defendant Brooks now explains that, through further review of the case, he no longer believes the medical records are pertinent to the claim against him or that medical expert testimony is required. *See, e.g.*, Docket No. 42 at 2-4.